# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SMITH, MD and HOBERT SMITH, MD, | CIV-F-06-0368 AWI SMS |
| Plaintiffs, | ORDER RE: MOTION TO DISMISS PURSUANT TO CALIFORNIA CODE OF CIVIL PROCEDURE §425.16 |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTION, JERRY NEGRETE, STEVE WILLIAMS, and DOES 1 through CC, inclusive, | |
| Defendants. | |

This matter is before the court on Defendants' motion to dismiss the case pursuant to California Code of Civil Procedure §425.16 (the Anti-SLAPP Statute).  Anti-SLAPP is a California law which states that "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." Cal Code Civ. Proc. § 425.16(b).

The Amended Complaint seeks damages pursuant to 42. U.S.C. §1983 only; there are no state claims. Doc. 18, Amended Complaint.  Plaintiffs allege that Anti-SLAPP does not apply to

1

federal claims under the logic of federal supremacy. Doc. 22, Opposition, at 2:6-9.  Defendants say that Anti-SLAPP is applicable to Section 1983, citing to Ninth Circuit precedent. Doc. 23, Reply, at 2:4-15.  The discussion of Anti-SLAPP in the cited case proceeds under the heading "Whether California's Anti-SLAPP law should be applied to the dismissal of LMSC's *state law* counterclaims." <u>United States ex rel. Newsham v. Lockheed Missiles & Space Co.</u>, 190 F.3d 963, 970 (9th Cir. 1999), emphasis added.  Review of other cases shows that "Although the anti-SLAPP statute does apply to state law claims brought in federal court, it does not apply to federal question claims in federal court because such application would frustrate substantive federal rights." <u>Bulletin Displays, LLC v. Regency Outdoor Adver., Inc.</u>, 2006 U.S. Dist. LEXIS 64074, at *20-21 (N.D. Cal. 2006), citing <u>Globetrotter Software, Inc. v. Elan Computer Group. Inc.</u>, 63 F. Supp. 2d 1127, 1130 (N.D. Cal. 1999) and <u>In re Bah</u>, 321 B.R. 41, 46 (9th Cir. B.A.P. 2005).  Anti-SLAPP may not be used against federal Section 1983 claims.

Defendants' briefing also argues that Plaintiffs' suit is barred by Eleventh Amendment immunity and that the Amended Complaint fails to identify a constitutionally protected right. Doc. 18, Brief, at 8:1-13:10.  Plaintiffs do not address these issues in opposition at all.  In reply, Defendants mention Fed. R. Civ. Proc. 12(b)(6) for the first time in the briefing. Doc. 23, Reply, at 3:10.  The formal notice of motion states, in relevant part:

> ...move the Court for an order dismissing the amended complaint pursuant to California Code of Civil Procedure §425.16 (Anti-SLAPP Statute). California's anti-SLAPP statute is applicable in federal cases. *United States v. Lockheed Missiles & Space Company*, 190 F.3d 963, 971 (9th Cir. 1999). The motion is made on the ground that the amended complaint arises out of acts and statements by State employees that are protected by the First Amendment of the United States Constitution and relate to matters of public interest and speech connected to official proceedings.

Doc, 18, Notice, at 1:27-2:5.  There is no notice regarding Fed. R. Civ. Proc. 12(b)(6) and the motion will not be treated as one.  Defendants' arguments concerning Eleventh Amendment immunity and failure to state a claim will not be addressed.

Defendants' motion is DENIED.

IT IS SO ORDERED.

**Dated:    December 5, 2006**            **/s/ Anthony W. Ishii**
0m8i78                                    UNITED STATES DISTRICT JUDGE